IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Lakisha Poole, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| First Credit Services, Inc., | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiff, Lakisha Poole, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), North Carolina Fair Debt Collection Practices Act, and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Lakisha Poole ("Plaintiff"), is an adult individual residing in Mecklenburg County, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant First Credit Services, Inc. ("FCS"), is a corporation, organized and existing in the State of New York with its principal address of One Woodbridge Center Suite 410, Woodbridge, New Jersey 07095, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) within the State of North Carolina.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to FCS for collection, or FCS was employed by the Creditor to collect the Debt.

9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **FCS Engages in Harassment and Abusive Tactics**

10. Starting on or around May 1, 2012, Defendant started contacting Plaintiff in an attempt to collect the Debt.

11. Defendant placed up to three calls a day to both Plaintiff's home and cell phone numbers.

12. In the initial phone conversation, Defendant failed to state that it was attempting to collect on a Debt and that any information obtained would be used for that purpose (the "mini Miranda").

13. On several occasions, Plaintiff requested verification of the Debt and for the calls to cease until she received it. Defendant refused to provide verification and continued to attempt to collect the Debt.

14. On numerous occasions, Plaintiff has asked Defendant to stop calling her. Defendant always responded by hanging up and calling again.

15. Furthermore, Defendant has placed numerous phone calls to a close friend of Plaintiff on that third party's cell phone, after having spoken with Plaintiff on both of Plaintiff's phone lines.

16. In phone conversations with Plaintiff's close friend, Defendant disclosed information regarding the nature of the Debt.

17. When attempting to settle on payment arrangements, Defendant stated a different amount than what Plaintiff originally owed to Creditor.

18. Additionally, Defendant failed to send Plaintiff a 30-day validation notice.

### C. Plaintiff Suffered Actual Damages

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant contacted third parties for purposes other than to confirm or correct location information.

23. The Defendant's conduct violated 15 U.S.C. § 1692b(2) in that Defendant informed third parties of the nature of the Plaintiff's debt and stated that the Plaintiff owed a debt.

24. The Defendant's conduct violated 15 U.S.C. § 1692b(3) in that Defendant contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

25. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

26. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

27. The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the character, amount and legal status of the Debt.

28. The Defendant's conduct violated 15 U.S.C. § 1692e(11) in that Defendant failed to inform the consumer that the communication was an attempt to collect a debt.

29. The Defendant's conduct violated 15 U.S.C. § 1692f(1) in that Defendant attempted to collect an amount not authorized by the agreement creating the Debt.

30. The Defendant's conduct violated 15 U.S.C. § 1692g(a) in that Defendant failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

31. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

32. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE NORTH CAROLINA FAIR DEBT COLLECTION PRACTICES ACT
## N.C. Gen.Stat. § 58-70, et seq.

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The Plaintiff is a "person" as the term is defined by N.C. Gen.Stat. § 58-70-6(4).

35. The Defendant is a "collection agency" as the term is defined by N.C. Gen.Stat. § 58-70-15, and is duly licensed collect debt in the state of North Carolina pursuant to N.C. Gen.Stat. § 58-70-1.

36. The Defendant failed to disclose in the initial communication with the Plaintiff that Defendant were attempting to collect a debt and that any information obtained would be used for that purpose, and the failure to disclose in subsequent communications that the communication was from a debt collector, in violation of N.C. Gen.Stat. § 58-70-110(2).

37. The Defendant falsely represented the character, extent, or amount of the Debt or its status in any legal proceeding in violation of N.C. Gen.Stat. § 58-70-110(4).

## COUNT III
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT, N.C. Gen.Stat. § 75-50, et seq.

38. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The Plaintiff is a "consumer" as the term is defined by N.C. Gen.Stat. § 75-50(1).

40. The Plaintiff incurred a "debt" as the term is defined by N.C. Gen.Stat. § 75-50(2).

41. The Defendant is a "debt collector" as the term is defined by N.C. Gen.Stat. § 75-50(3).

42. The Defendant's conduct violated N.C. Gen.Stat. § 75-52 in that Defendant used conduct the natural consequence of which is to oppress, harass, or abuse the Plaintiff in connection with the attempt to collect the Debt.

43. The Defendant's conduct violated N.C. Gen.Stat. § 75-54(2) in that Defendant failed to disclose in all communications attempting to collect a debt that the purpose of such communication was to collect a Debt.

44. The Defendant's conduct violated N.C. Gen.Stat. § 75-54(4) in that Defendant falsely represented the character, extent, or amount of a Debt against the Plaintiff or of its status in legal proceeding; falsely represented that the collector was in any way connected with an agency of the federal, State or local government; or falsely represented the creditor's rights or intentions.

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

45. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

47. North Carolina further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated North Carolina state law.

48. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with numerous phone calls.

49. The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

50. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

51. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

52. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;
4. Actual damages pursuant to N.C. Gen.Stat. § 58-70-130(a);
5. Statutory damages of $4,000.00 pursuant to N.C. Gen.Stat. § 58-70-130(b);
6. Attorney's fees pursuant to N.C.G.S. § 75-16.1;
7. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA and North Carolina state law violations in an amount to be determined at trial for the Plaintiff;
8. Punitive damages; and

8

Case 3:12-cv-00516-GCM   Document 1   Filed 08/16/12   Page 8 of 9

9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 16, 2012

        Respectfully submitted,

        By  _/s/ John S. Austin_____

        John S. Austin, Esq.
        Bar Number: 20826
        Austin Law Firm, PLLC
        P.O. Box 6580
        Raleigh, NC 27628-6580
        Email: jaustin@lemberglaw.com
        Telephone: (855) 301-2100 Ext. 5529
        Facsimile:  (888) 953-6237
        Attorney for Plaintiff

        Of Counsel To:

        LEMBERG & ASSOCIATES L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424